STATE OF MAINE                                      SUPERIOR COURT

Cumberland, ss.

STATE OF MAINE
Cumberland. ss. Clerk's Office

NOV 21 2017
8:51 ᴘᴍ
RECEIVED

ANNA McGEACHEY

            Plaintiff

      v.                              Civil Action Docket No. PORSC-CV-16-0407

PORTLAND WATER DISTRICT

            Defendant

### ORDER ON DEFENDANT'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT

Pursuant to M.R. Civ. P. 56, Defendant Portland Water District has moved for partial summary judgment. Plaintiff Anna McGeachey opposes the motion, and Defendant has filed a reply memorandum. The court elects to decide the motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

Defendant's motion has three grounds:

- Defendant seeks an order limiting its liability to Plaintiff to the $400,000 damages cap contained in the Maine Tort Claims Act ("MTCA" or "the Act")

- Defendant seeks an order precluding Plaintiff from recovering any damages for lost earnings, on the ground that the MTCA precludes an award of such damages

- Defendant seeks an order precluding Plaintiff from recovering any damages for lost earnings on the ground that Plaintiff's claim for lost earnings is too

1

speculative to be the basis for an award of damages

For the reasons set forth below, the court grants the Motion for Partial Summary Judgment in part, and otherwise denies it.

*1. Background*

Defendant is a governmental entity for purposes of the immunity and limitations provisions of the MTCA. *See* 14 M.R.S. § 8102(3) (definition of "political subdivision" includes water districts). Plaintiff claims to have been injured in an automobile accident for which Defendant is liable. She claims that her injuries have limited her ability to pursue her career as a musician, and seeks damages for lost earnings, among other categories of damages.

*2. Standard of Review*

"The function of a summary judgment is to permit a court, prior to trial, to determine whether there exists a triable issue of fact or whether the question[s] before the court [are] solely . . . of law." *Bouchard v. American Orthodontics*, 661 A.2d 1143, 44 (Me. 1995).

"[S]ummary judgment is appropriate when the portions of the record referenced in the statements of material fact disclose no genuine issues of material fact and reveal that one party is entitled to judgment as a matter of law." *Currie v. Indus. Sec., Inc.*, 2007 ME 12, ¶ 11, 915 A.2d 400. "A material fact is one that can affect the outcome of the case, and a genuine issue exists when there is sufficient evidence for a fact finder to choose between competing versions of the fact." *Lougee*

*Conservancy v. City-Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

### 3. *Liability Beyond the MTCA $400,000 Damages Cap*

The Act includes a waiver of sovereign immunity for claims arising out of the ownership, maintenance or use of a governmental entity's motor vehicles. *Id.* § 8104-A(1). The Act also provides that "the award of damages, including costs, against either a governmental entity or its employees, or both, may not exceed $400,000 for any and all claims arising out of a single occurrence." *Id.* § 8105(1). However, if the governmental entity has procured liability insurance that "provides protection in excess of the limit of liability imposed by section 8105, then the limits provided in the insurance policy shall replace the limit imposed by section 8105." *Id.* § 8116.

The undisputed record before the court indicates that the Defendant has coverage under two liability insurance policies potentially applicable to this case. One is a commercial automobile policy issued by Phoenix Insurance Company, which is a subsidiary of Travelers Insurance Company. The other is an excess or umbrella insurance policy issued by Travelers. Both of the policies include endorsements that exclude coverage for any amount above the MTCA statutory damages cap. *See* Affidavit of Todd Greene, Ex. B. The endorsements unambiguously provide that the Maine statutory cap is the limit of coverage for a covered occurrence that is subject to the statutory cap. Though the coverage limits in both policies are higher than

3

the $400,000 cap, the effect of the endorsements is to limit the higher coverage limits to claims that are not subject to the MTCA damages cap.

Accordingly, the record establishes beyond dispute that the Defendant has insurance coverage, but not coverage beyond the statutory cap. There is no basis on which the court could find or conclude, for purposes of 14 M.R.S. § 8116, that the Defendant has waived its immunity for any amount over the $400,000 limit.

Defendant is entitled to partial summary judgment on this ground.

4. *Whether the MTCA Permits Recovery of Lost Earnings Damages*

Defendant's contention that the MTCA's limited waiver of sovereign immunity does not extend to permitting recovery for damages for lost earnings is based on the prefatory clause in the waiver section: "a governmental entity is liable for property damage, bodily injury or death in the following instances . . ." *Id.* § 8104-A. Defendant contends that, because there is no mention of lost earnings, Plaintiff cannot recover damages for lost earnings.

However, Defendant's argument misapprehends the nature and purpose of the prefatory clause. The reference to "property damage, bodily injury or death" plainly describes the types of harm or injury for which immunity is waived. The effect is to preserve sovereign immunity against claims that do not arise from bodily injury, death or property damage. For example, the limited waiver of immunity does not extend to tort claims asserting emotional distress or pain and suffering not resulting from bodily injury.

4

However, the prefatory clause does not purport to limit the types of damages that may be recovered on a claim based on bodily injury, death or property damage. This is clearly shown by the fact that, in addition to not mentioning lost earnings, the prefatory clause does not mention medical expenses or cost of repair, but those clearly are among the types of damages that can be recovered for bodily injury and property damage.

As long as the tort claim alleges bodily injury caused by the governmental entity, a plaintiff may recover any type of compensatory damages allowed by law for a personal injury claim. Lost earnings are among the categories of damages, along with medical expenses and pain and suffering, that are recoverable by a plaintiff who suffers bodily injury caused by the negligence of the defendant.

Accordingly, Defendant's Motion for Partial Summary Judgment to exclude recovery of lost earnings as a matter of law will be denied.

5. *Whether Plaintiff's Lost Earnings Claim is Too Speculative*

The last component of Defendant's Motion seeks to preclude Plaintiff's lost earnings claim, not as a matter of law, but as a matter of fact, on the ground that it is too speculative for consideration by the finder of fact. The Law Court has summarized the Plaintiff's burden of persuasion on lost earnings as follows:

> "[R]ecovery may be had for the loss of an earning opportunity if the claimant proves, by a preponderance of the evidence, that: (1) the opportunity was real and not merely a hoped-for prospect; (2) the opportunity was available not just to the public in general but to the plaintiff specifically; (3) the plaintiff was positioned to take advantage of the opportunity; (4) the income from the opportunity was measurable

5

and demonstrable; and (5) the wrongdoer's negligence was a proximate cause of the plaintiff's inability to pursue the opportunity.

*Snow v. Villacci*, 2000 ME 127, ¶ 16, 754 A.2d 360.

Plaintiff has made a *prima facie* showing that she has been a member of a band that made a nationally recognized album and that was scheduled for a national tour that never took place because of her injuries from the accident. She asserts that the band now performs on a more limited basis in terms of the location, duration and frequency of shows, because of her injuries. If national tour dates were booked and Plaintiff's likely compensation was established, her loss of income for those dates may be cognizable. Similarly, if she can show that injuries caused by Defendant's negligence have more likely than not curtailed her ability to earn income as a performer in concrete, measurable ways, she may be entitled to recover damages for the loss of income. On this record, the court cannot say her lost earnings claim is too speculative to be the basis for an award of damages.

Defendant's Motion is denied on this ground.

IT IS HEREBY ORDERED: Defendant's Motion for Partial Summary Judgment is granted in part, and is otherwise denied. Plaintiff's claims against Defendant are subject to the $400,000 limitation on damages prescribed by the Maine Tort Claims Act.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated November 20, 2017

_____
A. M. Horton, Justice

Anna McGeachey vs. Portland Water District

Attorney for Plaintiff:

Thimi Mina, Esq.
McCloskey Mina & Cunniff
12 City Center
Portland, ME 04101

Attorneys for Defendant:

Thomas McKeon, Esq
Joseph Cahoon, Esq.
Richardson Whitman Large & Badger
PO Box 9545
Portland, ME 04112-9545